UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00612-MOC
(3:11-cr-227-RJC)

| | | |
|---|---|---|
| **RAMSEY DEAN LEWIS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on Petitioner's Motion to Vacate, Correct, or Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (#1). Having considered Petitioner's motion and reviewed the pleadings, the court enters the following Order.

I.

On December 30, 2011, Petitioner pleaded guilty to possession of a firearm by a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1). (#15, 3:11-cr-227). The Honorable David Keesler, United States Magistrate Judge, conducted a thorough plea colloquy as required by Federal Rule of Criminal Procedure 11(b). (Tr. of Re-Arraignment Hearing, #34, 3:11-cr-227, at 3). During that colloquy, Petitioner affirmed under oath that he "had enough time to discuss [with his lawyer] any possible defenses" he may have to his charges, that he was "satisfied with the services of [his] lawyer," that he wanted to plead guilty, and that he was in fact guilty of the offense with which he was charged. (Id. at 3, 9-11). Judge Keesler accordingly found that Petitioner's guilty plea was "knowingly and voluntarily made" and accepted it. Id. at 11.

1

On January 23, 2013, this court reviewed the plea proceedings and, without objection from Petitioner, affirmed Judge Keesler's acceptance of Petitioner's guilty plea and finding that Petitioner's plea was knowingly and voluntarily made. (Tr. of Sentencing Hearing, #35, 3:11-cr-227, at 4). Petitioner informed this court that the answers that he gave during his colloquy in December 2011 would be the same the day of his sentencing. Id. at 3.

This court sentenced Petitioner to a term of imprisonment of 180 months. Id. at 13. Over Petitioner's objection, this court found that he was subject to the Armed Career Criminal Act ("ACCA"), id. at 7, which calls for a mandatory minimum prison sentence of 15 years for any "person who violates section 922(g) and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

## II.

Petitioner makes two contentions in his Motion to Vacate:

(1) Petitioner's attorney's performance was constitutionally deficient; and

(2) The court should review the vitality of Almendarez-Torres v. United States, 523 U.S. 224 (1998) and see that his sentence should not have been enhanced based on prior convictions not found by a jury.

See (Doc. #1). This court will address each contention seriatim.

## III.

**A. Ineffective Assistance of Counsel**

Petitioner argues that his counsel was constitutionally deficient for two reasons. First, he claims his counsel failed to reschedule his guilty-plea hearing after receiving new evidence in the form of crime lab reports, which Petitioner argues would have affected his plea. (#1 at 4-7).

Second, he argues that his counsel failed to inform the court that one of his prior convictions had followed a plea without an admission of guilt pursuant to Alford v. North Carolina, 400 U.S. 25 (1970), which would have affected his eligibility for the ACCA. (#1 at 9).

In response, the government argues that the court should reject Petitioner's argument that failing to move the hearing constitutes ineffective assistance of counsel, as he waived his challenge to his attorney's failure to seek a continuance of his hearing by pleading guilty. (#8 at 5, citing United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the plea."). The government notes that all claims of ineffective assistance of counsel constitute non-jurisdictional defects, unless the alleged ineffectiveness relates to whether the guilty plea was voluntary. Response (#8) at 6, citing Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983)). Since Petitioner has made no allegations that his guilty plea was unknowing or involuntary, his motion cannot stand on this ground. Additionally, Petitioner made no claim during the hearing that he desired more time to review the crime lab reports, and though he received them the day of the hearing, he still had time to review them before the hearing began. Nor does Petitioner explain how the crime lab reports would have resulted in a different outcome in his plea hearing.

As for Petitioner's contention that an Alford plea does not qualify as a prior conviction for the purposes of the ACCA, the government argues that convictions based on Alford pleas can be predicate convictions under the ACCA:

> A crime is categorically a violent felony if the "elements of the offense are of the type that would justify its inclusion within the residual provision" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), which brings within the definition of "violent felony" crimes that involve conduct that presents a serious potential risk of physical injury to another.

Response (#8) at 8 (citing James v. United States, 550 U.S. 192, 202 (2007)). At the time the government filed its Response (April 3, 2015), the ACCA defined a categorically violent felony as one where the "elements of the offense are of the type that would justify its inclusion within the *residual* provision." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Given that Petitioner's Alford plea was for common-law robbery, and the Fourth Circuit held in United States v. Carmichael, 408 F. App'x 769, 770 (4th Cir. Jan. 21, 2011) that common law robbery is a violent felony under the residual provision of the ACCA, the government argued that the court should dismiss petitioner's claim on this count as well.

The law has changed since the government briefed this case. In Johnson v. United States, ___ S.Ct. ___, 2015 WL 2473450 (June 26, 2015), the Supreme Court determined that the residual clause of the ACCA was void for vagueness, making such provision unconstitutional. The court has considered the Final Presentence Report and it appears that all of the underlying felonies which were relied on in enhancing defendant's sentence under the ACCA were North Carolina common law robberies. See United States v. Lewis, 3:11cr227-1, PSR (#23) at ¶ 18. See United States v. Carmichael, 408 Fed.App'x. at 771 (noting that "North Carolina common law robbery fits within the definition of a violent felony in the residual clause of § 924(e)(2)(B)(ii)…."); Caldwell v. United States, 2014 WL 2986025, *1 (W.D.N.C. July 2, 2014) (holding that "[a]s to common law robbery under North Carolina law, courts have consistently held both before and after Descamps that the common-law robbery statute falls into category three, the residual clause….").

While the court agrees with the government that Petitioner has failed to establish any claim that counsel's efforts were constitutionally deficient in this case and that Petitioner waived any objections to his counsel's failure to pursue a continuance of his hearing when he pleaded guilty, the court can no longer agree that Petitioner's convictions for common-law robbery qualify as

predicate convictions under the ACCA in light of Johnson, supra. The court will grant the petition, direct that counsel be appointed in the criminal case, direct pretrial services to prepare an updated PSR, and instruct the Clerk of Court to place this matter on for a *de novo* sentencing hearing, not sooner than 60 days. Pretrial services is directed to gather information concerning defendant's conduct and vocational and educational efforts while incarcerated. The court recalls that there was some evidence concerning particular needs of defendant's family presented at the sentencing hearing and the court directs pretrial services to update that information as well.

**B. Review of the Supreme Court's decision in Almendarez-Torres**

Petitioner's other argument is that the court should "review the vitality of Almendarez-Torres v. United States," supra, where the Supreme Court held that a prior conviction authorizing an enhanced sentence is not an element of a crime that must ordinarily be charged in an indictment. Id. U.S. at 226-27. (#1 at 9). While this issue may well be moot in light of the resolution of the Johnson issue under the ACCA, the court will give full consideration to this argument in an abundance of caution.

The government argues the court should reject Petitioner's argument for two reasons. First, the government notes that Petitioner has already raised this issue on direct appeal, but the Fourth Circuit rejected it in United States v. Lewis, 538 F. App'x 321, 322 (4th Cir. 2013), and Petitioner cannot "recast, under the guise of collateral attack, questions fully considered by [that] court." Boeckenhaupt v. United States, 537 F.2d 1182, 1184 (4th Cir. 1976). Second, only the Supreme Court has "the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 258 (1997). Here, the court agrees with the government. In light of the aforementioned precedent from the Fourth Circuit and the Supreme Court, this trial court declines to review the Supreme Court's decision in Almendarez-Torres, and thus finds Petitioner's second claim is without merit.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Correct or Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (#1) is **DENIED** in part and **GRANTED** in part, the sentence previously imposed is **VACATED**, and the Clerk of Court is instructed to appoint <u>new</u> counsel for defendant in the criminal matter. Pretrial services is instructed to file a supplemental PSR as instructed herein, and the Clerk is instructed to place this matter on for resentencing not sooner than 60 days hence. Petitioner shall remain in custody pending resentencing.

Signed: July 17, 2015

Max O. Cogburn Jr
United States District Judge